## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DUVANDER HURST**                                    **CIVIL ACTION**

**versus**                                            **NO. 06-3045**

**N. BURL CAIN, WARDEN**                              **SECTION: "K" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Duvander Hurst, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On June 27, 2000, he was found guilty of second degree murder.[2] On September 15, 2000, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[3]  On September 25, 2002, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[4]  He then filed with the Louisiana Supreme Court an "Application for Out-of-Time Writ of Certiorari or Review"[5] which was denied on March 19, 2004.[6]

On or after April 1, 2005, petitioner filed with the state district court an application for post-conviction relief.[7]  That application was denied on May 4, 2005.[8]  The Louisiana Fourth Circuit Court of Appeal next denied petitioner's related writ application, holding:  "Relator's application for post-conviction relief was time-barred under La. C.Cr.P. art. 930.8 at the time it was

---

[2]  State Rec., Vol. I of II, trial transcript, p. 291; State Rec., Vol. II of II, minute entry dated June 27, 2000.

[3]  State Rec., Vol. I of II, transcript of September 15, 2000; State Rec., Vol. II of II, minute entry dated September 15, 2000.

[4]  State v. Hurst, 828 So.2d 1165 (La. App. 4th Cir. 2002) (No. 2001-KA-1817); State Rec., Vol. I of II.

[5]  State Rec., Vol. II of II.

[6]  State ex rel. Hurst v. State, 869 So.2d 840 (La. 2004) (No. 2003-KH-0709); State Rec., Vol. II of II.

[7]  State Rec., Vol. II of II.  Petitioner signed the application on April 1, 2005; therefore, it could not have been filed prior to that date.

[8]  State Rec., Vol. II of II, Judgment dated May 4, 2005.

filed. Thus, his claims will not be considered."[9]  Petitioner, through counsel, then filed a related writ application with the Louisiana Supreme Court.[10]  On March 24, 2006, the Louisiana Supreme Court denied that writ application, stating:  "Denied.  La.C.Cr.P. art. 930.8; State *ex rel.* Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189; see also State *ex rel.* Hall v. State, 99-0326 (La. 9/24/99), 871 So.2d 1071."[11]  The Louisiana Supreme Court likewise denied a related *pro se* writ application[12] without reasons assigned on August 18, 2006.[13]

While that *pro se* writ application was pending, petitioner filed this federal application for *habeas corpus* relief on June 2, 2006.[14]  In support of his application, petitioner claims that he received ineffective assistance of counsel both at trial and on appeal.  For the following reasons, the Court finds that petitioner's federal application is untimely.[15]

---

[9]  State v. Hurst, No. 2005-K-1176 (La. App. 4th Cir. Aug. 24, 2005) (unpublished); State Rec., Vol. II of II.

[10]  State Rec., Vol. II of II.

[11]  State v. Hurst, 925 So.2d 1226 (La. 2006) (No. 2005-KP-2325); State Rec., Vol. II of II.

[12]  State Rec., Vol. II of II.

[13]  State *ex rel.* Hurst v. State, 935 So.2d 136 (La. 2006) (No. 2006-KH-0260); State Rec., Vol. II of II.

[14]  Rec. Doc. 3.  Petitioner signed his federal *habeas corpus* application on June 2, 2006.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[15]  In the state's opaque response in this matter, it is unclear to what extent, if any, the state is challenging the timeliness of the federal application.  In that response, the state correctly argues that petitioner's conviction became final on October 25, 2002, and further argues that his state post-conviction application was not timely filed within the two years allowed by state law.  However, the

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."[16] Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).

In the instant case, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence on September 25, 2002.[17] Petitioner then had only thirty days, i.e. until October 25, 2002, in which to seek review of that judgment by the Louisiana Supreme Court. Louisiana Supreme Court Rule X, § 5(a).  Even petitioner concedes that no writ application was filed within that thirty-day period.  Therefore, for AEDPA purposes, petitioner's statute of limitations for seeking federal *habeas corpus* review commenced on October 25, 2002, and expired one year later, unless that deadline was extended through tolling.

---

state does not seem to expressly contend that the *federal* application is likewise untimely under the shorter one-year federal prescriptive period, although that would necessarily follow.

Nevertheless, even if the state's response is not interpreted to raise the issue of the federal application's timeliness, the United States Supreme Court has expressly held that federal district courts are permitted to consider *sua sponte* the timeliness of a state prisoner's federal *habeas corpus* petition.  Day v. McDonough, 126 S.Ct. 1675, 1684 (2006).  The Supreme Court noted that when a court so acts on its own initiative, it must accord the parties fair notice and an opportunity to present their positions.  Id.  Accordingly, *petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising the issue of limitations and that petitioner must submit any evidence or argument concerning the limitations defense as part of any objections he may file to this report.*  See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

[16]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

[17]   State v. Hurst, 828 So.2d 1165 (La. App. 4th Cir. 2002) (No. 2001-KA-1817); State Rec., Vol. I of II.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a "properly filed" application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  A "properly filed" application is one submitted according to the state's procedural requirements.  Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999).

After one hundred sixteen (116) days of that one-year period had elapsed, petitioner filed with the Louisiana Supreme Court his "Application for Out-of-Time Writ of Certiorari or Review" on February 19, 2003.[18]  Although that application was denied on March 19, 2004,[19] this Court must consider whether petitioner should be given tolling credit for the time that application was pending.  Unfortunately, the law on that issue is arguably unclear.  On the one hand, in Williams v. Cain, 217 F.3d 303 (5th Cir. 2000), the United States Fifth Circuit Court of Appeals indicated that an untimely Louisiana Supreme Court writ application is not "properly filed" and so entitles a petitioner to no tolling credit whatsoever.  On the other hand, the Fifth Circuit subsequently appeared to indicate that, at least in some circumstances, tolling credit would be given for the time a request for permission to file an out-of-time writ application was pending before the Louisiana Supreme Court.  See McGee v. Cain, 104 Fed. App'x 989, 991-92 (5th Cir. 2004) ("[T]he AEDPA limitations period would be tolled only while [the petitioner] sought and obtained leave to file the

---

[18]  State Rec., Vol. II of II.  The Louisiana Supreme Court date-stamped that application as having been filed on March 13, 2003; however, petitioner signed the application on February 19, 2003.  Out of an abundance of caution, this Court will consider the application to have been filed on the date it was signed.  See Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

[19]  State ex rel. Hurst v. State, 869 So.2d 840 (La. 2004) (No. 2003-KH-0709); State Rec., Vol. II of II.

out-of-time writ request.").[20]  While <u>McGee</u> is an unpublished decision, and while the passage

therein indicating that tolling credit may be available is clearly *dicta*, this Court, out of an abundance

of caution, will assume for the purposes of this decision that the statute of limitations was in fact

tolled from February 19, 2003, the date on which "Application for Out-of-Time Writ of Certiorari

or Review" was filed, until March 19, 2004, the date it was denied.[21]

At the time that application was denied on March 19, 2004, only two hundred forty-

nine (249) days of the one-year period remained.  Therefore, petitioner had only until November 23,

2004, either to file his federal application or to toll the statute of limitations with a "properly filed"

state application.  However, petitioner filed neither a federal application nor a state application

---

[20]  That is not to suggest that <u>Williams</u> and <u>McGee</u> are necessarily irreconcilable.  In <u>Williams</u>, the Court of Appeals indicated that the Louisiana Supreme Court, if so inclined, could exercise its "unrestricted residual discretion" to consider the merits of an untimely writ application pursuant to its "general supervisory jurisdiction."  <u>See</u> <u>Williams</u>, 217 F.3d at 308.  Perhaps <u>McGee</u> stands for the proposition that if a petitioner in fact obtains leave from the court to file such an untimely application for consideration on the merits, then tolling would be applicable.  Even if that is how the cases should be reconciled, it is no assistance to petitioner.  The Louisiana Supreme Court did not grant petitioner leave to file an untimely application for consideration on the merits.  On the contrary, the Louisiana Supreme Court, like the intermediate appellate court before it, rejected petitioner's claims as untimely without addressing their underlying merit.

[21]  The Court is comfortable in making that assumption in this case because, for the reasons set forth herein, petitioner's federal application is clearly untimely even if the statute of limitations is tolled for that period.

The Court further notes that the "Application for Out-of-Time Writ of Certiorari or Review" was a type of state post-conviction application.  <u>See</u> <u>State *ex rel.* Hall v. State</u>, 871 So.2d 1071 (La. 9/24/99).  Therefore, the Louisiana Supreme Court's judgment denying that application was final on the date the judgment was issued, not upon the expiration of the ninety-day period for seeking review by the United States Supreme Court.  <u>Lawrence v. Florida</u>, 127 S.Ct. 1079 (2007).  Nevertheless, even if petitioner were given the benefit of that ninety-day period, his federal application would still be untimely.

within that period.  Accordingly, petitioner's federal statute of limitations expired no later than

November 23, 2004.[22]

The Court also notes that the United States Fifth Circuit Court of Appeals has held

that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably

tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling

---

[22]  The Court notes that petitioner filed a state post-conviction application on or about April 1, 2005.  However, that application and the related appellate court proceedings are of no consequence for two reasons.

First, as noted, that application was filed *after* the expiration of the statute of limitations. Therefore, it can have no bearing on the timeliness of petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

Second, in any event, both the Louisiana Fourth Circuit Court of Appeal and the Louisiana Supreme Court clearly held that the state post-conviction application was untimely under La.C.Cr.P. art. 930.8.  The United States Supreme Court has conclusively held that "time limits, no matter their form, are 'filing' conditions"; when the state courts have rejected a state application as untimely, it cannot be considered "properly filed" so as to entitle the petitioner to statutory tolling.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  Simply put: "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Id. at 414 (internal quotation marks and brackets omitted).

Petitioner's contentions that the state courts misapplied article 930.8 are unavailing for two reasons.  First, article 930.8 is a state law provision, and, as such, its interpretation is left to the state courts.  "[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions."  Trevino v. Johnson, 168 F.3d 173, 184 (5th Cir. 1999) (quotation marks omitted); see also Molo v. Johnson, 207 F.3d 773, 776 n.9 (5th Cir. 2000) ("Federal *habeas* review does not extend to state court conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal *habeas*); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) (a federal *habeas* court does not sit as a "super" state supreme court to review errors under state law).  Second, the state courts in fact correctly applied article 930.8, in that the post-conviction application was filed more than two years after petitioner's conviction became final in 2002 upon his failure to file a timely Louisiana Supreme Court writ application.  See State *ex rel.* Hall v. State, 871 So.2d 1071 (La. 9/24/99) (prescriptive period for seeking state post-conviction relief runs from the date of original finality, not from the date the Louisiana Supreme Court rejects a related untimely writ application).

applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).

Petitioner argues that he is entitled to equitable tolling because he failed to receive timely notice of the Louisiana Fourth Circuit Court of Appeal's judgment of September 25, 2002. It is true that the United States Fifth Circuit Court of Appeals has held that, in some circumstances, a petitioner may be entitled to equitable tolling of the period of time between a state court's adverse judgment and his actual notice of that judgment. Phillips v. Donnelly, 216 F.3d 508 (5th Cir.), modified on partial reh'g on other grounds, 223 F.3d 797 (5th Cir. 2000). However, this Court need not determine whether the instant case presents such a circumstance. Even if petitioner were given such tolling credit in this case, his federal application would still be untimely. Under that scenario, the statute of limitations would have commenced no later than March 19, 2004, when the Louisiana Supreme Court denied petitioner's "Application for Out-of-Time Writ of Certiorari or Review."[23] Therefore, petitioner's federal statute of limitations would have expired one year later on March 21, 2005.[24] Petitioner did not file his federal application by that date, nor did he toll the statute of limitations by filing a state post-conviction application at any time from March 19, 2004, through

---

[23] As previous noted, petitioner would not be entitled to tolling for the ninety-day period for seeking review by the United States Supreme Court. See supra note 21.

[24] Because March 19, 2005, fell on a Saturday, the AEDPA's statute of limitations would have been extended until the end of the following Monday, March 21. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

March 21, 2005.  Accordingly, even under that overly generous scenario, his federal application is still untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Duvander Hurst be **DISMISSED WITH PREJUDICE** as untimely filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of April, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**