UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUVANDER HURST** | **CIVIL ACTION** |
| **versus** | **NO. 06-3045** |
| **N. BURL CAIN, WARDEN** | **SECTION: "K" (3)** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner filed this federal *habeas corpus* application challenging his state court conviction for second degree murder. On April 12, 2007, the undersigned issued a report recommending that the application be dismissed as untimely.[1] Petitioner filed objections, contending that he should be granted equitable tolling due to his post-conviction counsel's errors.[2] On November 29, 2007, the United States District Judge recommitted this matter to the undersigned for a recommendation concerning whether equitable tolling is warranted on that basis.[3]

According to documents attached to the objections, attorney Bruce W. Harris was retained on September 25, 2003, to file a state post-conviction application on petitioner's behalf. After a prolonged delay for Harris to review the case, a state post-conviction application was in fact

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 11.

[3] Rec. Doc. 16.

filed on or about April 1, 2005.[4] Petitioner contends that he was concerned by the length of time it took to prepare that application and "voiced his concerns about his one year time to file for habeas corpus relief"; however, Harris "advised petitioner to be patient because everything was in order."[5] Unfortunately, everything was not in fact in order. Harris either misunderstood the law or miscalculated the applicable deadline, because petitioner's state post-conviction application was filed too late, a fact which also indirectly affected the timeliness of his federal *habeas corpus* petition. Petitioner now contends that he reasonably relied on Harris and should not suffer for his counsel's errors. However, the law clearly rejects that contention.

The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, *in rare and exceptional circumstances*, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).

It is true that the United States Fifth Circuit Court of Appeals has held that equitable tolling may be warranted where an attorney *intentionally deceives* his client into believing that a timely application has been filed on his behalf when it has not. United States v. Wynn, 292 F.3d 226

---

[4] A copy of that application is found in Volume II of the state court record. Although that application at first glance appears to have been filed *pro se*, it apparently was in fact filed by Harris. It was Harris who notarized petitioner's signature on the accompanying affidavit, and the handwriting on the application matches the handwritten letter from Harris attached to petitioner's objections filed in this proceeding.

[5] Rec. Doc. 11, p.2.

(5th Cir. 2002) (involving a § 2255 application); see also United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("An attorney's *intentional deceit* could warrant equitable tolling ....") (emphasis added). The instant case, however, involves no such intentional deceit. Harris never misrepresented to petitioner that he had filed the state post-conviction application; rather, in the letters petitioner attached to his objections, it was clear that Harris had not yet filed the application.

Moreover, even if the Court accepts as true petitioner's allegations that he expressed concern over the limitations issue and that Harris incorrectly assured petitioner that was not a problem,[6] Harris was at most guilty of error or neglect. However, in Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals stated:

> Many courts have considered the question whether attorney error constitutes "rare and exceptional circumstances" and have held that it does not. [FN4]  Additional support for the proposition that attorney error does not trigger equitable tolling is the longstanding rule that prisoners are not entitled to counsel during habeas proceedings and thus cannot state a claim for ineffective assistance during those proceedings. See Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
>
> > [FN4]  See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding that the death of the attorney's father two weeks before filing deadline did not constitute extraordinary circumstance for equitable tolling purposes); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that attorney's confusion over applicability of § 2244(d)(1) did not justify equitable tolling), cert. denied, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001); Harris v. Hutchinson, 209 F.3d 325, 330-31

---

[6] The Court notes that petitioner has presented no evidence whatsoever in connection with his bald allegation that he expressed such a concern or that Harris dismissed that concern. That fact alone is fatal to petitioner's contention, in that it is he who bears the burden of proof to establish entitlement to equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

>   (4th Cir. 2000) (holding that attorney's mistaken interpretation of § 2244(d) limitation provision did not justify equitable tolling); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's miscalculation of limitations period was not valid basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (holding that untimeliness resulting from attorney's use of ordinary mail did not justify equitable tolling).

Cousin, 310 F.3d at 848 & n. 4.  The Fifth Circuit then held:  "[W]e join the other circuits that have considered this issue and hold that mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."  Id. at 849.  In a subsequent case, the Fifth Circuit noted:  "If there was ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in Cousin ... erased it ...."  Riggs, 314 F.3d at 799.  The Court concisely stated:  "Ineffective assistance of counsel is *irrelevant* to the tolling decision."  Id. (emphasis added).  While error or neglect may warrant professional discipline of the attorney, it simply does not justify equitable tolling of the AEDPA's statute of limitations.  Id.

    Moreover, the undersigned notes that the United States Supreme Court recently conclusively resolved this issue in Lawrence v. Florida, 127 S.Ct. 1079 (2007).  In that case, in which the petitioner had been sentenced to death, the Supreme Court rejected a bid for equitable tolling, holding:

>   Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling.  If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline.  Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.

Id. at 1085.

In light of the foregoing, the undersigned finds that petitioner cannot be granted equitable tolling based on Harris' errors. Further, for the reasons set forth in detail in the original Report and Recommendation,[7] petitioner's federal application is clearly untimely absent equitable tolling. Therefore, the undersigned again finds that the instant federal *habeas corpus* application should be dismissed as untimely.[8]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Duvander Hurst be **DISMISSED WITH PREJUDICE** as untimely filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of January, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Rec. Doc. 10.

[8] In the order recommitting this matter, the undersigned was instructed to address the merits of petitioner's claims *if* equitable tolling was found to be warranted. In that equitable tolling should not be granted, the merits of the claims need not be addressed in this opinion.