UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DUVANDER HURST**                                          **CIVIL ACTION**

**versus**                                                  **NO. 06-3045**

**N. BURL CAIN, WARDEN**                                    **SECTION: "K" (3)**

## ORDER AND OPINION

This Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge (Doc. 10), the Supplemental Report and Recommendation of the United States Magistrate Judge (Doc. 17) and the petitioner's objections to the Magistrate Judge's Reports and Recommendations (Docs. 11 and 18) hereby approves the Report and Recommendation and the Supplemental Report and Recommendation of the United States Magistrate Judge and adopts them as its own opinions.

The Magistrate Judge concluded that petitioner's application for federal *habeas relief* was time-barred pursuant to 28 U.S.C. §2244(d), and that petitioner was not entitled to equitable tolling of §2244's limitation period. The Magistrate Judge acknowledged that "equitable tolling may be warranted where an attorney *intentionally deceives* his client into believing that a timely application has been filed on his behalf when it has not,"[1] but concluded that because there had been no intentional deceit by counsel in this case petitioner was not entitled to equitable tolling. Petitioner objects to the Magistrate Judge's conclusion that he is not entitled to equitable tolling.

During his attempt to obtain state *habeas corpus* relief, petitioner expressed concern to his retained counsel about the timely filing of an application for state-post conviction relief.

---

[1] Doc. 17, p. 2.

Petitioner's counsel advised him "to be patient because everything was in order."[2] Petitioner claims that because everything was not in order, his counsel's action rises to the level of intentional deception thereby entitling petitioner to equitable tolling. The Court disagrees.

As correctly noted by the Magistrate Judge, there is no evidence that petitioner's counsel intentionally deceived petitioner to believe that the application for state *habeas corpus* relief had been timely filed. There is no evidence that counsel made a false affirmative statement to petitioner that the state court petition had been filed. Additionally, the letters from petitioner's counsel to petitioner which Hurst attached[3] to his objections to Magistrate Judge Knowles's initial Report and Recommendation contain nothing which can be reasonably construed to indicate that counsel intentionally deceived petitioner to believe that the application for state post-conviction relief had been timely filed. The circumstances described by petitioner do not constitute "the rare or exceptional circumstances" necessary to warrant equitable tolling of the limitation period. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Accordingly,

**IT IS ORDERED** that the petition of **Duvander Hurst** for *habeas corpus* relief is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this __18th__ day of __September__, 2008.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Doc. 11, p.2.

[3] Doc. 11.